[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11661
Non-Argument Calendar
_____

D. C. Docket No. 1:09-cr-00395-JOF-JFK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


EDDIE RIVERA-PABON,
a.k.a. Angel Manuel Rivera-Pabon,
a.k.a. Angel Manuel Rivera-Paron,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(October 18, 20120

Before HULL, EDMONDSON, and BLACK, Circuit Judges.


PER CURIAM:

Eddie Rivera-Pabon appeals his convictions for conspiracy to distribute

cocaine, 21 U.S.C. §§ 841(a) and 846, and possession of a firearm in furtherance

of a drug trafficking violation, 18 U.S.C. § 924(c), for which he was sentenced to a total of 180 months' imprisonment.  No reversible error has been shown; we affirm.

On appeal, Rivera-Pabon challenges the district court's denial of his motion to suppress evidence recovered during the search of a house.  He argues that the district court erred in concluding that he lacked standing to challenge the search under the Fourth Amendment.  In considering the district court's denial of a motion to suppress, we review fact determinations for clear error and application of law to the facts de novo.  United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).  And we construe all facts in the light most favorable to the party prevailing in the district court -- here, the government.  Id.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "Fourth Amendment rights, however, are personal, and only individuals who actually enjoy the reasonable expectation of privacy have standing to challenge the validity of a government search."  United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir. 2000).  "The defendant bears the burden of proving a legitimate expectation of privacy in the areas searched" and we determine the legitimacy of defendant's claim by considering "the totality of

2

the circumstances." United States v. Sarda-Villa, 760 F.2d 1232, 1235 (11th Cir. 1985).

Viewing the facts in the light most favorable to the government, the district court did not err in denying Rivera-Pabon's motion to suppress because he failed to establish Fourth Amendment standing. A defendant "may establish standing by demonstrating 'an unrestricted right of occupancy or custody and control of the premises'" searched; ownership is not required; but mere presence or even possession of a key, standing alone, is insufficient. Id. at 1236. Although Rivera-Pabon was inside the house when the search began, nothing evidenced -- and Rivera-Pabon does not contend -- that he owned or occupied the house, or even stayed in the house overnight. The evidence presented at the suppression hearing established that, during months of police surveillance, Rivera-Pabon was seen at the house only two times -- on the day before and on the day of the challenged search. That Rivera-Pabon was sometimes present in the house alone and that he now claims to have possessed a key to the house fails to establish a reasonable expectation of privacy. See id.

Moreover, because the evidence established that the house was used mainly for the commercial purpose of preparing and packaging cocaine, Rivera-Pabon had a lower expectation of privacy in the property -- even if used as an occasional

3

residence by others -- than he would in residential property.  See Minnesota v. Carter, 119 S. Ct. 469, 474 (1998).  The only item in the house that Rivera-Pabon claimed to own was money discovered in a locked safe, money which the parties do not dispute constituted proceeds from the drug trafficking operation.  Thus, to the extent that Rivera-Pabon was a guest in the house, his visit served only a commercial purpose; and he has failed to demonstrate a reasonable expectation of privacy.  See Cooper, 203 F.3d at 1285 n.3 (stating that "to establish a reasonable expectation of privacy in a third-party's home, an individual must demonstrate [he] is a guest on the premises for a personal occasion, rather than for strictly a commercial purpose.").

Because Rivera-Pabon has failed to demonstrate a reasonable expectation of privacy in the house, he lacks standing to challenge the search under the Fourth Amendment.[*]

AFFIRMED.

---

[*]Because we conclude that Rivera-Pabon lacked standing under the Fourth Amendment to challenge the search, we need not address the district court's alternative conclusion that the warrantless entry into the house was justified by exigent circumstances.

4